FILED
2007 Dec-21  PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| NICHOLAS S. FINLEY, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 5:06-CV-01843-LSC |
| | ] |
| MICHAEL J. ASTRUE,[1] | ] |
| Commissioner, | ] |
| Social Security Administration, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The plaintiff, Nicholas S. Finley, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Mr. Finley timely pursued and

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of the Social Security Administration. Therefore, pursuant to Federal Rule of Civil Procedure 25(d)(1), Astrue is substituted for Jo Anne B. Barnhart as the proper defendant in this case.

exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Finley was twenty-six years old at the time of the Administrative Law Judge's ("ALJ") decision, and he has an eighth grade education. (Tr. at 223.) His past work experiences include employment as a heating and air installer helper and fast food worker. (*Id*. at 232-33.) Mr. Finley claims that he became disabled on June 1, 2005, due to mental illness consisting of bipolar disorder and manic depression. (*Id*. at 58.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements

before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to

consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

If substance abuse is found to be a "contributing factor material to the determination of disability," then the claimant is not considered disabled. 42 U.S.C. § 423(d)(2)(C). In order to find that substance abuse is "material to the determination," it is key to ascertain whether the claimant would still be considered disabled absent the drug addiction or alcoholism. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). If the claimant is not found to be disabled absent the substance abuse, then there is no disability; if the claimant would be disabled without the substance abuse, then the alcoholism or drug abuse is not material to the decision. 20 C.F.R. §§ 404.1535(b)(2)(i-ii), 416.935(b)(2)(i-ii).

Applying the sequential evaluation process and the substance abuse considerations, the ALJ found that Mr. Finley meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 13.) He further determined that Mr. Finley has

not engaged in substantial gainful activity since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's substance abuse and depression are considered "severe" based on the requirements set forth in the regulations. (*Id.* at 14.) However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (*Id.*) The ALJ found Mr. Finley's allegations to be credible, and he determined that he lacks the residual functional capacity to perform the basic mental demands of work, but it is Plaintiff's ongoing drug use that prevents him from working on a regular and continuing basis. (*Id.* at 15.)

According to the ALJ, Mr. Finley is unable to perform any of his past relevant work, he is a "younger individual," and he has a "limited education," as those terms are defined by the regulations. (*Id.* at 15-16.) He determined that Plaintiff has "no transferable skills from work previously performed." (*Id.* at 16.) The ALJ found that if Mr. Finley "stopped the substance abuse . . . [he] would have the residual functional capacity to perform at least light work with no more than moderate mental limitations in every area." (*Id.* at 17.) The ALJ determined that "there are no jobs

that exist in significant numbers in the national economy that the claimant can perform" due to the plaintiff's "age, education, work experience, and residual functional capacity," coupled with "all of [his] impairments, including substance use disorder(s)."  (*Id.* at 16.)  The ALJ did find, however, that the claimant would be able to "perform past relevant work as a fast food worker" if he "stopped the substance abuse."  (*Id.* at 18.)  The ALJ concluded his findings by stating that Plaintiff "would not be disabled if he stopped the substance use[, which] is a contributing factor material to the determination.  [Therefore, the claimant] has not been disabled within the meaning of the Social Security Act at any time through the date of this decision." (*Id.*)

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court

approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards

is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Mr. Finley alleges that the ALJ's decision should be reversed and remanded for three reasons. First, Plaintiff contends that the ALJ failed to properly consider the opinion of Dr. Erin Smith, the consultative examiner. (*Id*.) Second, Plaintiff maintains that the ALJ failed to give sufficient weight to the opinion of Mr. Tannehill, his therapist. (*Id*.)  Third, he believes that the ALJ's decision about substance abuse is not supported by substantial evidence. (Doc. 7 at 6.)

   A.   Opinion of Medical Experts.

Plaintiff argues that the ALJ improperly discounted the opinions of Dr. Erin Smith, the consultative examiner, and Mr. Kenny Tannehill, the claimant's therapist at the Mental Health Center of Madison County. (Doc. 7 at 5-6.) The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion,

how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d).

Moreover, opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). The Court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis*, 125 F.3d at 1440. Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. *See, e.g.*, 20 C.F.R. § 404.1546(c).

Plaintiff argues that the ALJ ignored evidence from Dr. Smith, the consultative examiner, and improperly discounted her opinion. (Doc. 7 at 5-6.) Dr. Smith examined the plaintiff on September 19, 2005. (Tr. at 146.) Plaintiff argues that in Dr. Smith's report she stated that the

plaintiff's "ability to maintain gainful full-time employment is significantly limited by his functional deficits . . . and he is unlikely to be able to function appropriately in an employment setting;" she assigned a GAF of 45. (Tr. at 148-49.)   However, Dr. Smith also wrote that the plaintiff's "impairment is secondary to his mental health and substance abuse issues," and the ALJ determined that this statement created an internal inconsistency in the medical record  (Tr. at 17-18, 148-49.)   Dr. Smith further expressed concern with the ability of the plaintiff to manage his own funds because of his substance abuse history and recommended the assistance of a third party in dealing with his finances.   (Tr. at 148-49.) Lastly, the GAF score assigned by Dr. Smith is a conclusion regarding Plaintiff's functional capacity, which is reserved for the Commissioner and does not constitute a medical opinion binding on the ALJ.   20 C.F.R. §§ 404.1527(e), 416.927(d).   In short, the ALJ had good cause to give less weight to Dr. Smith's evaluation.

Plaintiff also argues that the ALJ did not give sufficient weight to the evaluation of Mr. Tannehill, who first saw the plaintiff on August 9, 2005. (Doc. 7 at 6; Tr. at 218.)   Plaintiff cites Mr. Tannehill's opinion letter from

this meeting, which states that the Plaintiff is unable to work "due to continued mental instability," but does not mention substance abuse as a contributing factor. (Tr. at 218.) However, a subsequent evaluation by Mr. Tannehill, dated January 20, 2006, notes that Plaintiff took his parent's ATM card and stole roughly $700, which he used to buy cocaine and marijuana. (Tr. at 213). The evaluation further states that the plaintiff admitted to being dishonest with his parents about his drug usage. (*Id.*)

The ALJ did not give substantial weight to Mr. Tannehill's August 2005 statement because it did not address the impact of substance abuse on his opinion and because "he is not considered an acceptable medical source." (Tr. at 17.) As a therapist, Mr. Tannehill is considered an "other source" who can provide information regarding the severity of the condition and its impact on the ability of the plaintiff to perform work. 20 C.F.R. §404.1513(d)(1). Mr. Tannehill is not considered a stand alone source whose testimony by itself could establish the existence of an impairment. *Id*. Moreover, the August 2005 opinion of Mr. Tannehill, cited by the plaintiff, which predates his January 2006 evaluation, does not mention substance abuse, indicating that the initial evaluation was not based on a thorough and

complete examination based on all existing circumstances. (Tr. at 213, 218.) The incompleteness of the August 2005 opinion from Mr. Tannehill, coupled with his status as an additional source, whose opinion alone cannot establish the existence of an impairment, provide substantial evidence for the ALJ's decision to afford less weight to that opinion.

The statements by Dr. Smith and Mr. Tannehill are not dispositive on the issue of Plaintiff's disability. While they cannot be wholly disregarded, the ability to reconcile differences in the medical record and the opinions of the medical evaluators resides with the Commissioner. For these reasons, the Court is of the opinion that the ALJ had good cause to provide less weight to Dr. Smith's and Mr. Tannehill's assessment of Plaintiff's condition. *See Crawford,* 363 F.3d at 1159-60; *Phillips,* 357 F.3d at 1240-41.

B.  Substance Abuse as a Contributing Factor.

Plaintiff asserts that the ALJ's conclusion that substance abuse was a contributing factor material to the determination of disability was erroneous "in light of the longitudinal medical history and the opinion of Dr. Smith." (Doc. 7. at 5.) The burden rests with the plaintiff to show that he would be disabled if he stopped using drugs. *Doughty v. Apfel,* 245 F.3d 1274, 1276

(11th Cir. 2001) (noting the issue as one of first impression, the appellate court affirmed the district court's finding that the burden of proving a disability exists absent substance abuse lies with the claimant).

To prove that substance abuse was not a material factor contributing to his disability, Plaintiff cites his long, documented medical history of mental health problems, which he argues would be present if no substance abuse issue existed. (Doc. 7 at 6-8.) Mr. Finley's medical record shows that on the night of July 17, 2005, he was taken to the emergency room for a violent outburst following receipt of divorce papers. (Tr. at 143.) In the subsequent mental health evaluation, Plaintiff described feeling depressed, hearing voices that told him to kill himself, admitted to using cocaine to put himself to sleep, and to smoking marijuana on a weekly basis. (Tr. at 143.) Plaintiff cites another evaluation, conducted by Dr. Tarak Vasavada, who treated him upon his admission to Huntsville Hospital following a cocaine binge in February 2006. (Tr. at 191.) In his report, Dr. Vasavada stated that Plaintiff suffered from bipolar affective disorder and had a "GAF of maybe 38," but also described a history of substance abuse. (Tr. at 191,193.)

There is substantial evidence in the complete medical record that Plaintiff has a substance abuse problem, and the dispute is whether he has bipolar disorder. Looking at the November 2, 2005, psychiatric review of Dr. Dale Leonard, Ph.D., the Disability Determination Service (DDS) medical consultant, the ALJ focused on the assessment that, based on the plaintiff's entire medical record, bipolar disorder was not established and that there was a history of drug abuse and personality disorder. (Tr. at 16, 162.) Dr. Leonard also stated that cessation of the substance abuse "could result in good improvement." (Tr. at 162.) While the opinions of Dr. Leonard and Dr. Vasavada show some disagreement regarding the severity of the plaintiff's bipolar affective disorder, both indicate a history of substance abuse. Furthermore, Dr. Vasavada does not discuss the relationship between the plaintiff's mental illness and his substance abuse, and Dr. Leonard does. Therefore, it was reasonable for the ALJ to focus on Dr. Leonard's evaluation, which addresses the relationship between the substance abuse and mental health problems. It is also important to note the absence of any specific evidence in the form of a medical opinion that

substance abuse was not a material factor contributing to the claimant's alleged disabling impairments.

Furthermore, Plaintiff's own statements and testimony regarding his personal drug use directly conflict with statements in the DDS drug and alcohol questionnaire dated September 6, 2005.  (Tr. at 71).  In his answers to this questionnaire, the plaintiff responded that he had been clean and sober for one year.  (*Id.*)  This contradicts his later statements regarding weekly use of marijuana and use of cocaine for sleeping.  (Tr. at 143.)

The record is replete with instances of drug use interwoven with mental health problems.  While there are medical opinions in the record that discuss the limitations placed on Plaintiff by his mental health problems and substance abuse, there is no medical evidence that Mr. Finley's substance abuse problems do not contribute to his inability to work.  For these reasons, the Court finds that there is substantial evidence in the trial record to support a finding by the ALJ that  substance abuse was a contributing factor material to the determination of disability.  *See Doughty*, 245 F.3d at 1279-81.

IV.     Conclusion.

Upon review of the administrative record, and considering all of Mr. Finley's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law.  A separate order will be entered.

Done this <u>21st</u> day of <u>December 2007</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153